IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA LEE WALLACH LORRETZ,

      Plaintiff,                      No. 2:13cv0618 LKK AC PS

    vs.

USA GOVERNMENT, *et al.*,           ORDER AND

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in
2   fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3   28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.
5   Neitzke, 490 U.S. at 327.

6   A complaint, or portion thereof, should only be dismissed for failure to state a
7   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8   of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11  complaint under this standard, the court must accept as true the allegations of the complaint in
12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  The court has reviewed the complaint and finds it to be nonsensical and frivolous.
16  Plaintiff brings suit against "U.S.A. Government," "'My' Judges," and "Law Enforcement" for
17  unspecified causes of action. Plaintiff also seeks, inter alia, declaratory relief that she is not
18  deceased and corrections to death certificates that she found in her genealogy search. There is
19  simply no sense to be made of this complaint. Accordingly, it must be dismissed.

20  "Under Ninth Circuit case law, district courts are only required to grant leave to
21  amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a
22  complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Because
23  the court finds that the complaint lacks merit entirely, leave to amend will not be recommended.

24  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
25  to proceed in forma pauperis is granted; and

26  IT IS HEREBY RECOMMENDED that this action be dismissed without leave to

amend.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2013.

                                          */s/ Allison Claire*
                                          ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE

/mb;wall0618.ifp.grant.dism